# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY L. HUNTSMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:10-CV-145 |
| | ) |
| PATRICIA CLINE ASHER, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Jeffrey L. Huntsman ("Huntsman"), a *pro se* plaintiff, filed a case initiating document captioned, "Motion to Set Aside Judgment Request Three Judge Panel," on April 16, 2010. (DE #1.) He did not pay the filing fee, nor did he seek leave to proceed *in forma pauperis*. Though it is the usual practice of this Court to issue a deficiency order in such a case, because the case initiating document does not state a claim, it would be futile to cure these deficiencies.[1]

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."

---

[1] Huntsman has also filed several subsequent motions, including a "Petition to Expedite Ruling on Motion to Set Aside Judgment," filed on July 26, 2010 (DE #2), a "Petition for Attorney to Assist," filed on August 26, 2010 (DE #3), and a "Motion to Compel," filed on September 27, 2010 (DE #4). Because the case is dismissed, these motions are deemed moot.

*Erickson v. Paradus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless,

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted.

28 U.S.C. § 1915(e)(2)(B)(ii).

Here, in his "Motion to Set Aside Judgment Request Three Judge Panel," Huntsman requests that this Court set aside the judgment order of Howard County Circuit Judge Lynn Murray dated February 13, 2008. (DE #1, p. 2.) Huntsman asserts that:

> [b]y ruling over a matter in which the Clerk's records accuracies (sic) were at issue . . . and being administratively responsible for the same records pursuant to Indiana Administratice Rule 10(A), with prior knowledge of the fact that 'files could be misfiled or misplaced' as noted by Howard County Circuit Court Clerk Mona Myers in a Kokomo, Indiana Tribune Newspaper article . . ., a reasonable person could conclude that Rule 1:1 and Rule 1:2 [of the Indiana Code of Judicial Conduct] was indeed violated.

(*Id.*) Huntsman provides that his attempts to resolve the matter to the highest state court were futile, and he refers to an ongoing multiple state audit of his child support case. (*Id.* at 3.) Finally, Huntsman states that he recently received a telephone call from a California Child Support Enforcement Office informing him that he "need[s] a court order to supercede the one on file" and he requests that this Court set aside the previous judgment and

2

provide him with a new child support order.  (*Id*. at 4.)

Initially, the Court notes that a judge is entitled to absolute immunity for judicial acts regarding matters within the court's discretion, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors."  *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).  Ruling on evidence and reaching conclusions about cases are all within the jurisdiction of the Howard County Circuit Court.  As such, any claims implied in the "Motion to Set Aside Judgment Request Three Judge Panel" regarding the alleged actions of Howard County Circuit Judge Lynn Murray are subject to judicial immunity.

Next, Huntsman requests that a "three judge panel" set aside the previous judgment, and he states the he needs "a court order to supercede the one on file."  He appears to be asking this Court to overturn the original order and retry the issue.  However, "[t]he Rooker-Feldman doctrine . . . establish[es] the fact that lower federal courts do not have jurisdiction to conduct direct review of state court decisions."  *Lewis v. Anderson*, 308 F.3d 768, 771-72 (7th Cir. 2002).  Furthermore,

> [c]ongress has granted the power to engage in appellate review of state court judgments only to the Supreme Court.  The Rooker-Feldman principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment.  This jurisdictional bar applies even though the state court judgment might be erroneous or even unconstitutional.

*Gilbert v. Illinois State Bd. of Educ.*, 591 F.3d 896, 900 (7th Cir. 2010) (internal citations and quotations marks omitted).  As such, it is outside the jurisdiction of this Court to provide the relief that Huntsman is requesting.

Because Huntsman's case initiating document, the "Motion to Set Aside Judgment Request Three Judge Panel" (DE #1), does not state a claim, it must be dismissed.  Therefore, for the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


**DATED: October 22, 2010**          **/s/RUDY LOZANO, Judge**
                                      **United States District Court**